UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08558-SVW-JPR | Date | January 7, 2025 |
|---|---|---|---|
| Title | *Silvia Garcia v. TH Foods, Inc.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** ORDER DENYING PLAINTIFF'S MOTION TO REMAND [12]

### I. Introduction

Before the Court is a motion to remand brought by plaintiff Silvia Garcia. ("Plaintiff"). Plaintiff's Motion to Remand, ECF No. 12 ("Mot."). For the following reasons, the motion is DENIED. The Court also sets the case for trial on April 22nd, with a pretrial conference on April 14th.

### II. Factual and Procedural Background

Plaintiff, a consumer tester, purchased a package of crackers (the "Product") manufactured and sold by Defendant TH Foods, Inc. ("Defendant"). Complaint, ECF No. 1-2 ("Compl.") ¶ 4, 17. The Product's packaging is opaque and conveys no information about the quantity of its contents. *Id.* ¶ 14. When Plaintiff opened the package, she discovered that the Product's packaging contained a substantial amount of "slack fill," meaning empty space in food packaging that is filled to less than capacity without justification. *Id.* ¶ 1, 3. Aggrieved by the slack fill, Plaintiff sued Defendant in state court on August 27, 2024, for common law fraud and violation of a California consumer protection statute. *Id.*

Plaintiff sues for actual, statutory, and punitive damages, along with applicable fees and costs, as well as injunctive relief. *Id.* at 10. In a clear attempt to evade federal jurisdiction, Plaintiff's injunctive relief requests "[a]n order requiring Defendant to *spend no more than $25,000* to add a conspicuous 'fill

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08558-SVW-JPR | Date | January 7, 2025 |
|---|---|---|---|
| Title | *Silvia Garcia v. TH Foods, Inc.* | | |

line' to the packaging." *Id* (emphasis added). As an additional disclaimer of federal jurisdiction, Plaintiff alleges that she "does not seek in excess of $75,000 in damages, exclusive of costs" *Id*. ¶ 48.

Despite these disclaimers, Defendant removed the case to this Court on October 4, 2024, asserting diversity jurisdiction. Notice of Removal, ECF No. 1. Defendant states, and Plaintiff does not dispute, that there is complete diversity because Plaintiff is a California resident and Defendant is an Illinois corporation with its principal place of business in Illinois. *Id*. ¶ 3-5. However, the parties dispute whether the amount in controversy requirement is satisfied. On the basis that the requirement is not satisfied, Plaintiff moves to remand her claims to state court for lack of diversity jurisdiction. Mot. Defendant opposes the motion, arguing that the injunctive relief requested by Plaintiff exceeds $75,000 in value, satisfying the amount in controversy requirement. Opposition to Motion to Remand, ECF No. 13.

**III.   Legal Standard**

Remand may be granted for a defect in the removal procedure or for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). A removing defendant bears the burden of proving that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the right of removal, courts must resolve that doubt in favor of remanding the action to state court. *Id.*

When a plaintiff challenges the defendant's removal of the case to federal court based on the amount in controversy requirement, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). Further, "where the value of a plaintiff's potential recovery…is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy." *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).

|  |  : |
|---|---|
|  | Initials of Preparer |
|  | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08558-SVW-JPR | Date | January 7, 2025 |
|---|---|---|---|
| Title | *Silvia Garcia v. TH Foods, Inc.* | | |

**IV.   Discussion**

The Court finds that Defendant has adequately shown that the value of Plaintiff's requested injunctive relief exceeds $75,000 and that therefore this Court properly has subject matter jurisdiction. Further, the Court finds that Plaintiff's attempts to limit the scope of the injunctive relief are inappropriate. Therefore, this Court maintains diversity jurisdiction over this case and it cannot be remanded.

**A.   Value of the Injunction**

Here, the proper measure of amount in controversy is the cost to Defendant of implementing the requested injunctive relief, and Defendant submitted substantial evidence that its costs would exceed $75,000. Defendant submitted with its briefing bids from various vendors for each part of the process it would need to undertake in order to change the Product's packaging in accordance with Plaintiff's requested injunctive relief. *See* Decl. of Vyskocil, ECF No. 13-1 ¶ 6-13, Ex. A-E. Defendant included in its final estimate of over $200,000 the cost of producing and using the new packaging. *See id.* ¶ 7. The Court is unconvinced that production costs are included in the cost of implementing the injunction given that Defendant would bear those costs whether or not it made new packaging. However, even discounting those production costs, the combined cost of just changing the packaging for the Product based on the actual vendor estimates is $141,934. This clearly exceeds $75,000 and is based on detailed and specific evidence, not mere generalized allegations. Indeed, Plaintiff does not dispute the cost estimate submitted by Defendant beyond the inclusion of the production costs, which as discussed is ultimately irrelevant.

Plaintiff instead argues that 1) her $25,000 disclaimer on the injunctive relief as plead in the complaint should control; and 2) since Plaintiff only purchased one out of the eight flavors of the Product, and each of those flavors has different packaging, that the actual cost of implementation should be one-eighth the cost, or $17,741. These arguments fail for the reasons detailed below.

**B.   Plaintiff's Limits on the Injunction's Scope**

The Supreme Court has cautioned that "injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs" before the court. *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). This rule "applies with special force where there is no class

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08558-SVW-JPR | Date | January 7, 2025 |
|---|---|---|---|
| Title | *Silvia Garcia v. TH Foods, Inc.* | | |

certification." *Los Angeles Haven Hospice, Inc. v. Sebelius*, 638 F.3d 644, 664 (9th Cir. 2011). Further, while a plaintiff may be able to "effectively limit the amount of statutory damages and attorney fees with an express disclaimer" because the plaintiff "retains control over those forms of relief," a similar disclaimer "cannot be effective as to injunctive relief, the cost of which is outside of [the plaintiff's] control." *See Martinez v. Epic Games, Inc.*, No. CV1910878CJCPJWX, 2020 WL 1164951, at *3 (C.D. Cal. Mar. 10, 2020) (finding that plaintiff could not limit value of injunctive relief to $20,000 by express disclaimer in attempt to evade federal jurisdiction).

Plaintiff's argument that the scope of the injunction should only include the flavor of the Product purchased by Plaintiff would make the injunction unduly burdensome to Defendant. Not only would it require that Defendant now manufacture two different labels for flavors of the Product that are identical for those labeling purposes, it would also leave Defendant liable to future suit regarding the other flavors of the Product. This Court finds that limiting the scope of the injunctive relief in this manner would be unduly burdensome to Defendant and would accord Plaintiff no more complete relief. In fact, it would seem to provide Plaintiff less complete relief –if Plaintiff is aggrieved by Defendant's alleged failure to adequately label the Product, it would accord her more complete relief to assure that all flavors of the Product are adequately labeled, not just one flavor.

Plaintiff's attempt to limit the value of the injunctive relief by express disclaimer in the Complaint also fails. Plaintiff has no control over the value of the injunction, and even though Plaintiff has alleged that complete relief can be accorded for no more than $25,000, Defendant would have no choice but to comply with the injunction no matter the actual resulting cost. Here, Defendant has shown by substantial and specific evidence that the resulting cost of the injunction is well over $75,000. Therefore, the amount in controversy requirement is satisfied and this Court properly has diversity jurisdiction over the case. As no other grounds for remand have been asserted, remand must be denied.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08558-SVW-JPR | Date | January 7, 2025 |
|---|---|---|---|
| Title | *Silvia Garcia v. TH Foods, Inc.* | | |

**V.      Conclusion**

For the foregoing reasons, Plaintiff's motion to remand is DENIED; the case will remain in this Court. The case is set for trial on April 22, 2025 at 9:00 a.m., with the pretrial conference on April 14, 2025 at 1:30 p.m.

**IT IS SO ORDERED.**

                                                                                              :
                                                                    _____
                                                                    Initials of Preparer
                                                                                PMC